NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCINE COLE,<br><br>       Plaintiff,<br>v.<br><br>TOWN OF MORRISTOWN, *et al.*,<br><br>       Defendants. | Civil Action No. 10-4706 (WJM)<br><br><br>MEMORANDUM OPINION |

**FALK, U.S.M.J.**

  Before the Court is Plaintiff's motion to disqualify the law firm of De Yoe, Heissenbuttel & Buglione, LLC, as counsel for Defendants Town of Morristown, Morristown Mayor Tim Dougherty, the Morristown Police Department, and eleven (11) individuals associated with the Town of Morristown. [CM/ECF No. 20.] The motion is opposed. No oral argument was heard. Fed. R. Civ. P. 78(b). The motion is **denied**.

**I.  BACKGROUND**

  On September 14, 2010, Plaintiff, Francine Cole, filed a 427 paragraph, nine (9) count Complaint against the Township of Morristown, the Morristown Police Department, Saint Claire's Hospital, and approximately 15 additional individuals associated with either the Town or Saint Claire's. In short, Plaintiff alleges, among other things, that she was falsely arrested, assaulted, and subjected to improper involuntary commitment at Saint Claire's

Hospital in violation of 42 U.S.C. §§ 1983-1986, and New Jersey law relating to involuntary commitments, *see, e.g.*, N.J.S.A. 30:4-27.6.

On November 15, 2010, the law firm of De Yoe, Heissenbuttel & Buglione, LLC ("the De Yoe firm") entered an appearance on behalf of the Town of Morristown, the Morristown Police Department, the Mayor of Morristown, and eleven (11) additional Town employees ("the Morristown Defendants"). [CM/ECF No. 4.]

On January 25, 2011, the Morristown Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [CM/ECF No. 17.]

In response, Plaintiff filed a brief in opposition to the motion to dismiss and also notice of a cross-motion to disqualify the De Yoe firm. [CM/ECF Nos. 19-20.] The cross-motion is not accompanied by a separate brief. Rather, Plaintiff's brief in opposition to the motion to dismiss contains a single point heading, consisting of one paragraph, apparently seeking to disqualify the De Yoe firm. The brief does not cite a Rule of Professional Conduct that has allegedly been violated and simply concludes that disqualification is warranted because the interests of the Town of Morristown and its employees will, and supposedly already have, diverged. Defendants have opposed the cross-motion to disqualify. [CM/ECF No. 21.]

II. <u>ANALYSIS</u>

Disqualification motions are disfavored. See <u>Rohm & Haas Co. v. Am. Cyanamid Co.</u>, 187 F. Supp. 2d 221, 226 (D.N.J. 2001). The party seeking disqualification must carry a heavy burden and must meet a high burden of proof before a lawyer will be disqualified.

See Kaselaan & D'Angelo Assoc., Inc. v. D'Angelo, 144 F.R.D. 235, 238 (D.N.J. 1992). Disqualification is considered "a drastic measure which courts should hesitate to impose except when absolutely necessary." Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993). Although violation of a Rule of Professional Conduct usually results in disqualification, it is "never automatic," United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980), and courts must consider "countervailing policies, such as permitting a litigant to retain counsel of his choice and enabling lawyers to practice without excessive restrictions." Id.

Disqualification of the De Yoe firm is not appropriate. First, Plaintiff's attempt to meet her heavy burden consists of a four sentence paragraph of perfunctory argument without citation to any Rule of Professional Conduct allegedly violated. This fails to disclose or explain any conflicts and fails to satisfy Plaintiff's burden, which alone warrants denial of the motion.

Second, Defendants' pre-answer motion to dismiss seeks dismissal of "all claims" against the Morristown Defendants. [Defs.' Notice of Motion; CM/ECF No. 17.] There is no evidence the Morristown Defendants are in any conflict, much less anything that would justify disqualification.

Finally, the Morristown Defendants explain that Morristown is a member of the New Jersey Intergovernmental Insurance Fund ("NJIIF"), and that the NJIIF's General Counsel selects attorneys for the Town, including the De Yoe firm in this case, only after a preliminary investigation is conducted into the nature of the claims and the parties involved. (Defs.' Br. 8.) This is apparently done to avoid any potential conflicts. (Id.)

### III. CONCLUSION

For the above stated reasons, Plaintiff's cross-motion to disqualify is **denied**.

                                                       s/Mark Falk
                                                       **MARK FALK**
                                                       **United States Magistrate Judge**

**Dated: May 18, 2011**

4