UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANCINE COLE,** | Civil Action Number: |
| Plaintiff, | 2:10-cv-04706 (WJM) |
| v. | OPINION |
| **TOWN OF MORRISTOWN,** *et al.*, | HON. WILLIAM J. MARTINI |
| Defendants. | |

**OPINION**

Plaintiff Francine Cole brings a civil rights action asserting federal and state claims against various municipal entities and employees. She asserts that the police took her from her home to a hospital where tests and drugs were administered without her consent. Before the Court is Defendants' motion to dismiss. Defendants assert a variety of defenses. For the reasons elaborated below, the motion to dismiss will be **GRANTED** in part, and **DENIED** in part.

I.   BACKGROUND

Generally, Plaintiff Francine Cole alleges the following. Joseph Cole and George Johnson are Plaintiff's grand-nephews. They were staying at Plaintiff's home as house guests, but difficulties occurred. On or about February 18, 2009, Plaintiff called the police to remove them. Cole allowed the two to stay an additional night. Again, the next morning, Cole called the police to have her nephews removed. The police refused to do so.

Cole called the police again the next day. Apparently, the grand-nephews asserted that they had permission to remain on the premises from a purported co-owner of the premises. The police again refused to remove them on Plaintiff's instructions, considering the dispute to be akin to a landlord-tenant dispute. On this occasion, the police contacted a mental health worker for guidance, and the police and mental health worker made the decision to bring Plaintiff to a hospital for a mental health screening and physical testing. (The police assert that Plaintiff consented to go to the hospital.) Plaintiff was released that same day and signed a release, but only because it was a condition of release. Plaintiff further asserts that she has been singled out for abuse at the hands of the

police because of her prior advocacy work and in retaliation for the exercise of her constitutional rights.

Plaintiff filed her complaint on September 14, 2010. She asserts nine causes of action, including: (1) unlawful arrest under New Jersey law; (2) civil rights violations under 42 U.S.C. § 1983; (3) civil rights violations under 42 U.S.C. § 1986; (4) civil rights violations under 42 U.S.C. § 1985; (5) malicious prosecution; (6) assault & battery; (7) intentional infliction of emotional distress; (8) New Jersey Civil Rights Act; and (9) Americans with Disabilities Act. The government or municipal defendants and their employees[1] then filed the instant motion to dismiss, seeking dismissal of some, but not all of Plaintiff's claim.

## II.   STANDARD OF REVIEW

Defendants' motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 228 F.3d 548, 560-61 (3d Cir. 2002).

---

[1] The remaining defendants include two individuals, David Cole and Andrea Cole-Camel, and those defendants associated with the hospital, including: St. Clare's Hospital, Suman L. Jalan, M.D., Gary Brennan, a hospital employee, and Kim Telling, a hospital employee.

## III.  DISCUSSION

At the outset, the Court notes that Plaintiff consents to the dismissal of the assault and battery claim, count 6, against Defendants Cresitello, Demnitz, Dougherty, Hartke, and Wise.[2] Defendants assert a variety of defenses. This opinion discusses each in turn.

### A.  Are the Officers Immune Under N.J.S.A. § 30:4.27.7?

New Jersey law immunizes law enforcement officers from civil or criminal liability arising out of the custody, detention, or transportation of an individual for the purpose of mental health assessment or treatment, as long as the officers took "reasonable steps" and acted in good faith. N.J.S.A. § 30:4.27.7. In *Dawkins v. County of Union*, 2010 WL 2516466 (D.N.J. June 14, 2010), this Court determined that immunity extended to the prison official defendants because "Plaintiff m[ade] no allegations that Defendants acted in bad faith and makes nothing more than a bald assertion that their conduct violated applicable and generally accepted standards." *Id.* at *3. Here, Plaintiff's complaint asserts that the conduct of the police officers was not reasonable and was not in good faith and these conclusions are supported by specific factual allegations.

Defendants seek to displace the allegations of the complaint by referencing police reports written in the aftermath of the incidents in dispute. These police reports do not form an integral part of Plaintiff's claim, nor do they form the basis of Plaintiff's claim. The reports may be probative evidence, but they do not overcome the well pled allegations of the Complaint. Therefore the immunity defense is rejected as this juncture. *Lum v. Bank of Am.*, 361 F.3d 217, 221 (3d Cir. 2004) (holding that where fraud is alleged the underlying agreement may be introduced by defendant for the court to consider in the context of adjudicating a motion to dismiss, i.e., the document is integral to the fraud).

### B.  Are the Officers Immune Under N.J.S.A. § 59:6-6?

Defendants assert immunity under Section 59:6-6, which states: "Neither a public entity nor a public employee is liable for any injury resulting from determining in accordance with any applicable enactment: (1) whether to confine a person for mental illness or drug dependence; (2) the terms and conditions of confinement for mental illness or drug dependence; [and] (3) whether to parole, grant a leave of absence to, or release a person from confinement for mental illness or drug dependence." In other words, Defendants assert immunity with regard to discretionary decisions to confine persons for purported mental illness. However, the immunity applies where the decision is taken with regard to some particular "applicable enactment." *Id.*; *see, e.g.*, *Ludlow v. City of Clifton*, 702 A.2d 506, 509 (N.J. Super. 1997) (granting immunity under Section 56:6-6 where defendants' mental health placement decision was taken pursuant to N.J.S.A. 18A:46-5(d)). It appears that Defendants are relying on the Mental Health Screening Act, N.J.S.A. § 30:4-27.1 et seq. However, that Act only immunizes conduct undertaken in "good faith," *id.* § 30:4-

---

[2] Defendants' brief lists Defendant Fugger in the caption of the section asserting this defense, but he is not listed among the defendants where this defense is discussed in detail. Defs.' Br. 27-28.

27.7, where the steps taken are "reasonable," *id.*; *Dawkins*, 2010 WL 2516466, at *2-3. In *Dawkins*, where this Court dismissed state law claims in the context of a motion to dismiss, plaintiff did not meaningfully allege that the correction officers' conduct was in bad faith or unreasonable. Here, by contrast, Plaintiff makes such allegations. Defendants would contest those allegations based on the contemporaneous police reports, but such a weighing of evidence (even if probative) must wait for summary judgment.

      C.    Are the Official Capacity Claims Duplicative?

Defendants correctly assert that a Section 1983 claim brought against a government official, such as the Township of Morristown employee-defendants here, is in actuality a claim against the official's office, and not against the official himself. *Will v. Michigan*, 491 U.S. 58, 71 (1989). The real party in interest therefore is the office and it is the office, not the official, *that will pay any damages*. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, as the Supreme Court has routinely concluded, official capacity claims are redundant when the office, in this case the Township of Morristown, is named as well. *See id.* at 165-66. Furthermore, Plaintiff's complaint does not expressly seek any injunctive relief in regard to the Section 1983 and Section 1986 claims; Plaintiff only seeks damages. Therefore, the Section 1983 and Section 1986 official capacity claims against the Township of Morristown employees will be dismissed as duplicative, as suit has also been brought against the Township itself. *See Dawkins*, 2010 WL 2516466, at *3-4.

      D.    Must the Claim Against the Township of Morristown Be Dismissed?

Defendants assert that the Section 1983 claim against the Township of Morristown must be dismissed because the Complaint fails to allege a policy or custom of the government entity which deprived Plaintiff of her rights. *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978). Plaintiff argues that the "Complaint states that for a period of over twenty years, constituting a pattern and practice, the Township of Morristown has habitually instituted a policy allowing its Police Department to violate the Constitution of the United States of America by depriving Francine Cole of her liberty interests and applying the law unequally. This pattern and practice is one which is public knowledge, and could not have occurred but for the Town of Morristown's tacit approval." Pl.'s Br. 23. Plaintiff's opposition fails to cite the relevant sections of the complaint where these factual allegations are made. Moreover, such allegations are wholly conclusory. No specific facts are put forward – as to what Township officials enacted the policy or when the custom took root. As to unequal application of the law, no facts are put forward as to who may have received more favorable treatment. These allegations fail to articulate facts that would support the existence of a custom or practice. Hence the allegations are insufficient under *Twombly*, and the Section 1983 claim against the Township of Morristown will be dismissed.

### E. The Malicious Prosecution Claim

The Malicious Prosecution claim, count 5, must be dismissed because the Complaint fails to allege that any Defendant has instituted or maintained a criminal prosecution against Plaintiff. *See Browner v. Kohl's Dept. Stores, Inc.*, 2010 WL 3258263, at *4 (N.J. Super. App. Div. Aug. 19, 2010).

### F. Intentional Infliction of Emotional Distress Claim

"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *Buckley v. Trenton Sav. Fund Soc.*, 111 N.J. 355 (N.J. 1988). Defendants argue that Plaintiff has failed to plead a valid IIED claim, i.e., Count 7. The Court agrees. In opposing Defendants' motion to dismiss the IIED count, Plaintiff's opposition brief points to no specific allegations in the Complaint. Not one. Rather, Plaintiff restates the allegations of the Complaint as follows: "The allegations of Plaintiff's complaint are clear that all of the Defendants have engaged in longstanding conduct to deprive the Plaintiff of her liberty interests, that their conduct in such engagement has proximately caused the Plaintiff's distress, and that her distress is severe." Pl.'s Br. 25. Nothing here states with any clarity that Plaintiff suffered any emotional distress, much less *severe* emotional distress.

### G. Punitive Damages

Defendants assert generally that Plaintiff's claims for punitive damages should be dismissed. Defendants fail to explain whether they are seeking dismissal of punitive damages in regard to the state or federal counts, and if so, what standard applies to each such (remaining) count. In these circumstances, where both state and federal causes of action will go forward, the Court will reserve on the punitive damages question and allow Defendants to renew their defense in this regard after discovery.

## IV.   CONCLUSIONS

For the reasons elaborated above, the Court **GRANTS** in part, and **DENIES** in part Defendants' motion to dismiss.

Specifically, (1) the Section 1983 and Section 1986 official capacity claims against the Township of Morristown employees are dismissed; (2) the Section 1983 claim against the Township of Morristown is dismissed; (3) the Malicious Prosecution claim, count 5, is dismissed; (4) the Intentional Infliction of Emotional Distress claim, count 7, is dismissed.

All other defenses are rejected.

It appears that the following counts will proceed:
(1) Count 1;
(2) Count 2 will proceed against all Defendants, except the Township of Morristown, and will only proceed against the Township employees in their individual capacity;
(3) Count 3 will proceed against all Defendants, except the Township of Morristown, and will only proceed against the Township employees in their individual capacity;

(4) Count 4 will proceed against all Defendants, except the Township of Morristown, and will only proceed against the Township employees in their individual capacity;

(5) Count 6 will proceed against all Defendants, except Cresitello, Demnitz, Dougherty, Hartke, and Wise;

(6) Count 8; and,

(7) Count 9.

An appropriate order follows.

**DATE: July 31, 2011**                                   s/ William J. Martini
                                                                     **William J. Martini, U.S.D.J.**