# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANCINE COLE,**<br><br>　　Plaintiff,<br><br>v.<br><br>**TOWN OF MORRISTOWN, FORMER MAYOR DONALD CRESITELO, MAYOR TIM DOUGHERTY (individually and in their capacity as Employees of the Town of Morristown), MORRISTOWN POLICE DEPARTMENT, MATHEW EDWARDS, THEODORE JONES, ERIC PETR, VALDAR CHAUDRUC, CLARENCE SOFIELD, DEANNA DIETRICH (all individually and in their capacity as Employees of the Morristown Police Department), POLICE CHIEF PETER DEMNITZ (Individually and in his capacity of Chief of Police ), MR. JEFF HARTKE (individually and in his position as the Director of the Morristown Department of Public Works), RICK WISE (individually and in his position as Supervisor of the Morristown Department of Public Works' Clinton Street Garage), JOHN FUGGER individually and in his capacity as Zoning Officer of the Town of Morristown Zoning Department), ST.CLARE'S HOSPITAL, SUMAN L. JALAN, GARY BRENNAN, KIM TELLING (all individually and in their capacity as Employees, agents and/or Independent Contractors of St. Clare's Hospital), DAVID COLE, ANDREA COLE-CAMEL and JOHN DOES 1-15,**<br><br>　　Defendants. | **Civil Action Number:**<br>**2:10-cv-4706 (WJM)**<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.

　　On March 4, 2014, the court granted Defendants' motions for summary judgment and dismissed this case. Notably, the court found that the Morristown Defendants had qualified immunity from the constitutionally-based claims. On March 18, 2014, Plaintiff filed a motion for reconsideration pursuant to Local Rule 7.1(i) challenging the finding of qualified immunity and dismissal of the constitutionally-based claims. On April 9, 2014, the Morristown Defendants filed a motion for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11, Local Civil Rule 11.3, N.J.S.A. 2A:15-59, and N.J.S.A. 10:6-2(f). On May 5, 2014, Plaintiff filed a motion to vacate summary judgment pursuant to Federal Rule of Civil Procedure 60. For the reasons set forth below, the court denies all motions.

## I.  MOTION FOR RECONSIDERATION

Motions for reconsideration filed in the District of New Jersey are governed by Local Rule 7.1(i) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure. *Byrne v. Calastro*, No. 05-68, 2006 WL 250672, at *1 (D.N.J. Aug. 28, 2006). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Under Local Rule 7.1(i), a motion for reconsideration may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Local Rule 7.1(i) does not permit a court to rethink its previous decision; instead, the rule permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked. *See Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992).

Plaintiff makes three arguments on this motion for reconsideration: (1) "The Court Overlooked the Evidence that Defendants' Unlawful Seizure of the Plaintiff was in Bad Faith and therefore the Defendants are not Entitled to Qualified Immunity;" (2) "The Court Overlooked the Fact that Plaintiff was Seized by the Defendants in Violation of the Fourth Amendment;" (3) "Further Evidence of Bad Faith is the Fact that there was no Good Faith Probable Cause to Seize the Plaintiff for a Psychological Evaluation."

Plaintiff cites no fact or law that the court erroneously overlooked when it determined that qualified immunity barred the constitutionally-based claims. Plaintiff's arguments all hinge upon the faulty argument that evidence of bad faith warrants survival of the constitutional claims. Bad faith is not the relevant inquiry when making a determination about qualified immunity. The relevant inquiry is whether the "officer reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009). The court listed 10 reasons for finding that the Defendants reasonably believed that it was proper to conduct a mental health evaluation and to take Cole into custody for a mental health screening at a mental health facility.

Many of the 10 reasons for determining that Cole was in need of a mental health screening were reports from family members about Cole's recent behaviors and mental health history. Cole denied that any of her family's reports were true. Plaintiff argues that this court made improper credibility determinations about the truth or falsity of those reports. Making a credibility determination at the summary judgment phase would be a clear error of law; however, the court did not make any credibility determinations. Rather, the court found that the Police behaved reasonably when they erred on the side of caution by crediting at least some of Cole's relatives' reports and seeking the assistance of mental health professionals.

For these reasons, the motion for reconsideration is denied.

## II. MOTION TO VACATE SUMMARY JUDGMENT

Plaintiff filed a motion to vacate the order of summary judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justified relief.

The remedy provided under Rule 60(b) is "extraordinary, and [only] special circumstances may justify granting relief under it." *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). In fact, relief under Rule 60(b) is available only under such circumstances that the "overriding interest in the finality and repose of judgments may properly be overcome." *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987). Rule 60(b) is not a substitute for an appeal, and legal error, without more, does not warrant relief under this rule. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988).

Plaintiff fails to demonstrate that any of the six reasons for vacating a

judgment are present. Instead, Plaintiff argues that a recent Third Circuit decision, *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014) warrants vacating the order of summary judgment.

While an intervening change in case law is not an appropriate basis for vacating a judgment pursuant to Rule 60, it is a proper basis for reconsideration of a decision pursuant to Local Rule 7.1. *North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Therefore, the court will entertain the Plaintiff's argument about *Halsey* as a motion for reconsideration.

The issue in *Halsey* was whether prosecutors and police officers had probable cause to initiate criminal proceedings against a suspect. Plaintiff argues that the existence of probable cause is a jury question according to *Halsey*. Plaintiff misreads *Halsey*.

We need not discuss *Halsey* any further because, even if Plaintiff's reading were accurate, the existence of probable cause is irrelevant to Cole's case. Cole was never accused of a crime. Defendants did not need probable cause to call for mental health screeners nor to escort her to the mental health screening facility. Plaintiff's request for relief based upon the case of *Halsey v. Pfeiffer* is therefore denied.

### III. MOTION FOR SANCTIONS

The Morristown Defendants filed a motion for sanctions under Federal Rule of Civil Procedure 11, Local Civil Rule 11.3, N.J.S.A. 2A:15-59, and N.J.S.A. 10:6-2(f). The court denies the motion for sanctions.

#### A. Federal Rule of Civil Procedure 11 and Local Civil Rule 11.3

Pursuant to Local Civil Rule 11.3, "all applications for sanctions pursuant to Fed. R. Civ. P. 11 shall be filed with the Clerk *prior* to the entry of final judgment notwithstanding the provisions of any other Rule of this Court." The court granted summary judgment in this case on March 3, 2014. The Morristown Defendants filed their motion for sanctions on April 9, 2014. The Morristown Defendants therefore failed to comply with the requirement that the motion for sanctions be filed before the entry of final judgment. The court will accordingly deny the motion for Rule 11 sanctions.

### B. N.J.S.A. 2A:15-59

N.J.S.A. 2A:15-59.1 states that an application for sanctions must include an affidavit specifying "the nature of the services rendered, the responsibility assumed, the results obtained, the amount of time spent by the attorney, any particular novelty or difficulty, the time spent and services rendered by secretaries and staff, other factors pertinent in the evaluation of the services rendered, the amount of the allowance applied for, an itemization of the disbursements for which reimbursement is sought, and any other factors relevant in evaluating fees and costs; and [h]ow much has been paid to the attorney and what provision, if any, has been made for the payment of these fees in the future." The motion did not contain such an affidavit. "The requirements of the provisions imposing sanctions must be strictly construed." *Marenbach v. City of Margate*, 942 F. Supp. 2d 488, 496 (D.N.J. 2013) (*citing DeBrango v. Summit Bancorp,* 328 N.J. Super. 219 (App. Div. 2000)). Therefore, the motion for sanctions under N.J.S.A. 2A:15-59 is denied.

### C. N.J.S.A. 10:6-2(f)

The New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, includes a provision awarding reasonable fees and costs to the "prevailing party." N.J.S.A. 10:6-2(f). The statute, by its express terms, does not bar defendants from making an application for fees if they can demonstrate that they are "prevailing parties." However, as the Morristown Defendants note in their brief, there is no case law that applies to prevailing defendants under Section (f).

The Morristown Defendants urge the court to consider the legislative history of other civil rights statutes. They argue that *Christianburg Garment Company v. Equal Opportunity Employment Commission*, 98 S. Ct. 694, 701 (U.S. 1978) held that courts should entertain awarding fees to a prevailing defendant under Title VII of the Civil Rights Act of 1964 where the district court finds "that the plaintiff's actions were frivolous, unreasonable, or without foundation, even though not brought in bad faith." Pursuant to *Fox v. Vice*, 131 S. Ct. 2205 (U.S. 2011), the U.S. Supreme Court held that when a plaintiff's civil rights lawsuit involves both frivolous and non-frivolous claims, a court may grant reasonable fees to the defendant under 42 U.S.C. § 1988, but only for costs that defendant would not have incurred but for the frivolous claims.

As a whole, the Plaintiff's Complaint was not frivolous. This court partially denied a motion to dismiss for failure to state a claim in July 2011. Although the

5

Morristown Defendants argue that the claims which were dismissed at that time were frivolous, they offer no explanation of what costs they would not have incurred but for the allegedly frivolous claims. For these reasons, as well as the absence of clear New Jersey state case law supporting the award of sanctions to prevailing defendants, the court will deny the motion for sanctions pursuant to N.J.S.A. 10:6-2(f).

## IV.   CONCLUSION

For the reasons elaborated above, the court **DENIES** Plaintiff's motions and the Morristown Defendants' motion for sanctions.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**DATE: July 31, 2014**